# SUPERIOR COURT.

## FALL SESSIONS.

### 1881.

---

KENT COUNTY MUTUAL INSURANCE COMPANY *v.* EBEN
BURROWS.

*The rental share of a crop of wheat sown by an outgoing tenant the fall before his tenancy terminated, on a sale of the demised premises upon a judgment against the landlord in the meanwhile and the purchase of them by another, is apportionable under the statute.*

A CASE stated as follows: The Kent County Mutual Insurance Company for the use of William Denney, executor of William Denney, deceased, against Eben Burrows, garnishee of Benjamin F. Blackiston. Eben Burrows, the defendant, was the tenant of Benjamin F. Blackiston, of a farm situated in Kent County, for one year commencing March 1, 1879, and ending March 1, 1880. The rent reserved was one-third part of the grain produced payable in kind. As outgoing tenant he sowed a crop of wheat thereon in the fall of 1879, and on the 23d day of October, 1879, after the same was sown, the plaintiff issued a *fi. fa.* attachment out of the Superior Court on a judgment against Benjamin F. Blackiston, the landlord, which was served upon the defendant prior to the October Term, 1879, and whereby he was duly summoned as garnishee. On the 18th day of December, 1879, the farm of Blackiston, of which the said Burrows was tenant, was sold by the sheriff of Kent County, and at said sale Anne Blackiston became the purchaser, and the sale was confirmed at the April Term, 1880. Prior to the attachment by

the plaintiff as aforesaid, another attachment after judgment had been issued out of said court against Benjamin F. Blackiston, at the suit of William Knabe and the same Eben Burrows had been summoned as garnishee, and on that attachment answered that he was indebted in the sum of two hundred and thirty-two dollars and eighty-four cents, it being the value of the corn rent for the year 1879, ending March 1, 1880. Of this amount the sum of one hundred and eighty-six dollars and forty-two cents was paid to the said Knabe as attaching creditor, and the residue, forty-four dollars and twenty-six cents, was paid to the said Anne Blackiston, the purchaser, they being the several amounts to which they were respectively entitled according to the apportionment prescribed by the statute, which appear by Garnishee Docket, No. 2, p. 250.

There was no other rent arising out of the said tenancy except the wheat crop sown as aforesaid. At the harvest of 1880, Eben Burrows cut and saved the wheat sown in 1879, and on a sale thereof made by him the proceeds of the share thereof payable as rent was three hundred and twelve dollars and eighty-seven cents, which sum has been in his hands, or in the hands of the purchaser ever since, to whom he paid it over on taking a bond from him for the amount of it. Of this money, the plaintiff in this attachment claims that he is entitled to receive from the said Eben Burrows, as garnishee, the sum which bears the same proportion to the whole sum of three hundred and twelve dollars and eighty-seven cents, as the time which had elapsed between the first day of March, 1879, and the day of sale, bears to the whole time between the first day of March, 1879, and the first day of March, 1880, with interest thereon for one year.

The plaintiff and defendant respectively submit to the court the adjudication of the whole question as to how much of said money, if any, the plaintiff is entitled under the said attachment, and that for whatsoever sum the court shall be of opinion the said plaintiff is entitled to, judgment shall be entered in his favor against the defendant, with interest as aforesaid and costs; but if the court shall consider that the plaintiff is not entitled to any part thereof, then judgment for the defendant, with costs.

Kent Co. M. Ins. Co. *v.* Burrows.

*Smithers* for the plaintiff. It is a question of apportionment of the rent mentioned in the case stated, between the parties to this suit, under Section 22 of the statute on the subject. Cum. on Landl. and Ten. (6 Law Libr., 54); Rev. Code, 787; Stat. of Anne, 11th chap., 14 (British Statutes, 409, 410), giving the right to distrain after the determination of the lease. 3 Co. Lit., 202 ; 1 Brightley's Dig., 451, § 143, which differs from our statute; 2 Rawle, 276 ; Rev. Code, 680, § 28 ; 4 Barr., 146 ; Rev. Code, 709, § 15 ; Rev. Code, 680 ; Purd Dig., 281 ; 82 Pa., 125.

*Day* for the defendant. The custom for outgoing tenants to sow a wheat crop on their demised premises a few months before the demise is to cease by its own limitation, is by no means common or uniform in this county or State, and yet, if it is relied on or is essential to a plaintiff's right of recovery in any case, such custom must be alleged and proved. 1 Harr., 522 ; 70 N. Y., 180 ; Doug., 201 ; 1 H. Black., 5. And when the custom is local the court requires it to be pleaded. 16 East., 70 ; 20 E. C. L., 201 ; 1 Harr., 522 ; 2 Harr., 75 ; 4 Harr., 224.

*Smithers.* The counsel on the other side lays the whole stress of his argument on the alleged ground that there is no general custom in this State for an outgoing tenant to sow wheat on the premises in the fall preceding the expiration of his tenancy, but, on the contrary, the practice of it has been recognized in our courts, and whenever it is done, if nothing to the contrary is shown or appears, it will be presumed to have been done with the mutual consent of the parties to the lease. Templeman *v.* Biddle, 1 Harr., 520 ; 4 Houst., 324 ; 82 Pa., 125.

*The Court* held that the case stated in terms admitted that the wheat crop in question was subject to rent as between the parties, and gave judgment for plaintiff pursuant to the claim presented on their behalf in it.